# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DAWUD AMEEN HUSAIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-cv-1466-JCH |
| | ) |
| STATE OF MISSOURI, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the initiation of a civil action by plaintiff Dawud Ameen Husain, a prisoner. Plaintiff has not paid the required filing fee for the initiation of a civil action, nor has he filed a motion for leave to proceed *in forma pauperis*. However, plaintiff did file an "Inmate Account Activity" form, detailing his institution account. The Court will construe this filing as plaintiff's request for leave to proceed *in forma pauperis* in this matter, and will assess an initial partial filing fee of $17.60. In addition, the Court will dismiss this case, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

According to the inmate account statement, plaintiff's average monthly balance is $51.33, and he has one deposit of $88.00. The Court will therefore assess an initial partial filing fee of $17.60, which is twenty percent of plaintiff's average deposit. Any claim that plaintiff is unable to pay this amount must be supported by a current certified inmate account statement.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction**

Plaintiff is an inmate at the St. Louis County Justice Center,[1] and is a frequent *pro se* and *in forma pauperis* litigator in this Court. He initiated the instant civil action on August 22, 2018

---

[1] Review of Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff was convicted of unlawful possession of a firearm on May 1, 2018, and on July 24, 2018 was sentenced to seven years' imprisonment. *See State v. Dawud Ameen Husain*, No. 17SL-CR03102-01 (21st Jud. Cir. 2018). In addition, plaintiff is a defendant in a presently-pending criminal action, where he is charged with unlawful possession of a firearm. *See State v. Dawud Ameen Husain*, No. 17SL-CR10246-01 (21st Jud. Cir. 2017). The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

by filing a document titled "Motion for Temporary Restraining Order and a Preliminary Injunction." He named the State of Missouri as the sole defendant, and states he seeks "a temporary restraining order and a preliminary injunction against the STATE OF MISSOURI and AGENTS." (Docket No. 1 at 1).

In setting forth his claims, he references his two state court criminal cases. He states he is "a live, flesh and bloodman, of the age of majority, and one of the people." *Id.* He states he has suffered irreparable harm and injury as a result of being arrested without a warrant and unlawfully imprisoned. He states he will suffer even more if this Court does not grant his injunction. He states he filed a motion to dismiss for failure to state a claim, and no one has come forward to state a claim. He states that granting him an injunction would protect the public's interest, and that "the public suffers monetarily, as well as, checking officials who arbitrarily deny rights of others, while breaking their oaths to uphold the provisions of the Constitution." *Id.* at 3. He asks the Court to "act honorably for the Oath taken to support the Constitution and laws of the United States." *Id.* at 4. He states that he has been denied due process, life, liberty and property, has suffered cruel and unusual punishment, has been denied bail for over a year with no bond reduction given, and that his rights have "been trespassed upon, by deceit, coercion, duress, mental anguish and stress, force and threat of force." *Id.* at 4-5.

## Discussion

Having carefully reviewed and liberally construed plaintiff's allegations, the Court concludes that they fail to state any actionable claims, or establish entitlement to any form of relief. Plaintiff has named the State of Missouri as the sole defendant, and appears to intend to proceed against the State of Missouri itself to prevent its exercise of authority to either criminally prosecute him or to hold him in confinement. Such claims are barred by the Eleventh

4

Amendment. *See State of Missouri v. Fiske*, 290 U.S. 18 (1933). Plaintiff also states, in wholly conclusory fashion, that he was subjected to false arrest and false imprisonment. However, these legally conclusory statements are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678. Even *pro se* plaintiffs are required to allege facts in support of their claims, and this Court will not assume facts that are not alleged. *See Stone*, 364 F.3d at 914-15.

To the extent plaintiff can be understood to ask this Court to dismiss, enjoin, or otherwise intervene in his ongoing state judicial proceeding, his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain from hearing cases when there is an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity to raise the federal questions presented, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996)). Ongoing state criminal proceedings implicate the important state interest of enforcing state criminal law, and constitutional claims relating to that proceeding should be raised there. *Meador v. Paulson*, 385 Fed. App'x 613 (8th Cir. 2010). Here, plaintiff sets forth no non-conclusory allegations tending to establish extraordinary circumstances that would justify interfering with his ongoing state court criminal proceedings. This Court therefore concludes that *Younger* abstention is warranted.

Finally, to the extent plaintiff can be understood to challenge the state court's judgment in his adjudicated criminal case, the Court must abstain under the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district

court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Additionally, this Court does not have appellate jurisdiction over the state courts. *See Postma v. First Fed. Sav. & Loan*, 74 F.3d 160, 162 (8th Cir. 1996).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in these proceedings.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this __24th__ day of September, 2018.

\s\ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE